IN THE NORTHERN DISTRICT OF OHIO
UNITED STATES DISTRICT COURT
WESTERN DIVISION

| | | |
|---|---|---|
| GRETA MCGEE<br>1230 Holgate Avenue<br>Maumee, OH 43537<br><br>Plaintiff,<br><br>-vs-<br><br>MOBILOANS LLC<br>150 Melacon Road<br>Marksville, LA 71351 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>(Jury Demand Endorsed Herein) |

## INTRODUCTION

This Class Action, brought by Greta McGee (hereinafter "Ms. McGee"), on behalf of herself and all others similarly situated, seeks to recover actual damages, statutory damages, reasonable attorney's fees and costs, injunctive relief, and declaratory relief, to redress Defendant Mobiloans LLC's practice of executing usurious loan agreements disguised as "tribal loans" with Ohio residents to evade state usury and licensing regulations.

1. Plaintiff alleges Defendant Mobiloans, LLC, is a participant in the predatory lending scheme commonly referred to as "rent-a-tribe," whereby a non-tribal entity and a tribe agree to establish an online lending company. This tribal lender then offers small dollar loans to

1

individuals outside of the tribe's state at high interest rates, purportedly for the tribe's purpose when its true function is to shield the lender from state and federal consumer protection laws.[1]

2.  The very purpose of an online lender affiliating with a tribe is specifically and expressly so that they can lend in violation of state laws.[2]

3.  This tactic has proven so lucrative that a quarter of the $4.1 billion profit generated by the online payday loan industry now goes to 30 or so lenders based on reservations.[3]

4.  While the Tunica-Biloxi tribe of Louisiana ("the Tribe") states it established Mobile Loans, LLC ("Mobiloans") on July 26, 2011, to be an "arm of the Tribe"[4], Plaintiff alleges that Mobiloans was instead established to be an arm of unscrupulous non-tribal entities to reach into states, including Ohio, while cloaked by the glove of "tribal immunity."

5.  Not surprisingly, Mobiloans explicitly forbids lending in Louisiana, the state of the Tunica-Biloxi tribe, for which it was supposedly established.[5]

6.  Plaintiff alleges that in 2011, the non-tribal entity, Think Finance LLC and its subsidiaries (together "Think Finance"), arranged with the Tribe to establish Mobiloans to market, originate and collect on unlawful loans in Ohio and other specified states throughout the nation.

---

[1] *Stretching The Envelope of Tribal Sovereign Immunity - An Investigation Of The Relationships Between Online Payday Lenders And Native American Tribes*, Kyra Taylor With Leslie Bailey Victoria W. Ni The Public Justice Foundation, SVFC Report November 2017.

[2] ***Outlawed By The States, Payday Lenders Take Refuge On Reservations***, Ben Walsh, Huffpost, June 29, 2015, updated December 06, 2017, citing Al Jazeera America quoting Ellen Harnick, a payday lending expert at the Center For Responsible Lending
https://www.huffpost.com/entry/online-payday-lenders-reservations_n_7625006,

[3] *Id*.
[4] Tribal Council Resolution 24-11, Resolution Approving the Second Amended and Restated Operating Agreement for Mobiloans, LLC, Exhibit 2 to Mobiloans Motion to Dismiss case#
[5] "What states are currently NOT serviced by Mobiloans? . . . .Louisiana. . ." https://www.mobiloans.com/faq  (date viewed April 25, 2019)

2

7. Plaintiff alleges that Mobiloans executed an agreement for a usurious loan with Ms. McGee, attempted unlawfully to collect on that loan, and continues to issue loans to Ohio residents well in excess of Ohio's usury limit.

8. A November 2017 suit for consumer lending violations by the Consumer Financial Protection Bureau uncovered Think Finance's relationship with Mobiloans, stating:

> From "2011 through the present [Think Finance] "provided many critical functions for . . . MobiLoans, including marketing, advertising, hosting websites, routing customer calls, training customer service agents to handle customer calls, monitoring MobiLoans employees, providing and maintaining a loan servicing platform, providing and maintaining loan origination, software, identifying third party collection agencies, and facilitating the sale of delinquent accounts."[6]

9. While Mobiloans, LLC executed the loan agreements, Think Finance and its various other non-tribal entities hosted and maintained the websites, the computer systems, created the algorithm to assign a risk score to the applicant, and funded, orchestrated and controlled the lending operation, which then issued loans to Ohio residents well in excess of Ohio's usury law.[7]

10. As of the date of its Complaint, CFPB's alleged that Mobilioans was still receiving "material services and substantial assistance . . . in collecting on the extension of credit in the form of online installment loans and online lines of credit to consumers."[8]

11. As of April 25, 2019, Think Finance's website continues to list Mobiloans as one of its clients. https://www.thinkfinance.com/clients.

12. Pennsylvania's Attorney General also sued Think Finance and its affiliates for its lending scheme with the **Tunica-Biloxi tribe**, alleging violations of the state's racketeering, consumer protection and lending laws. *Commonwealth of Pennsylvania v. Think Fin., Inc.,* No.

---

[6] Consumer Financial Protection Bureau v. Think Finance LLC, Complaint. https://files.consumerfinance.gov/f/documents/cfpb_think-finance_complaint_112017.pdf Case 4:17-cv-00127-BMM Document 1 Filed 11/15/17 Page 7 -8 (emphasis added).
[7] *Id.*
[8] *Id. p. 6*

14-CV-7139, 2016 WL 183289, at *18 (E.D. Pa. Jan. 14, 2016). The Court determined "there is sufficient evidence from which to conclude the loans were not lawful. There is also ample circumstantial evidence that supports the finding of a conspiracy on the part of all Defendants to engage in unlawful lending that violates the COA." *Id.*

## PARTIES

13. Defendant Mobiloans, LLC ("Mobiloans") is an online lender who offers small dollar loans in exchange for fixed and cash advance fees, and operates through the site www.mobiloans.com,

14. Mobiloans is not registered as a lender or to do business in Ohio.

15. Plaintiff Greta McGee ("Ms. McGee" or "Plaintiff") is an individual and resident in Lucas County, Ohio, who went on her personal computer and agreed to receive a loan from Mobiloans.

## JURISDICTION

16. This Court has jurisdiction under 18 U.S.C. §1965 and 28 U.S.C. §1332(d)(2), in addition to supplemental jurisdiction over state laws claims pursuant to 28 U.S.C. § 1367.

17. Ms. McGee resides in Lucas County, Ohio.

18. Venue is proper in this District because Ms. McGee went on to her home computer to fill out Defendant's application for credit and had the loan was disbursed directly to her online account.

19. Ms. McGee also received Defendant's communication via email on her home computer, where the injury occurred.

## FACTS

20. On August 2018, Ms. McGee visited Defendant's site www.mobiloans.com from her home computer in Lucas County, Ohio to obtain a small loan.

21. Ms. McGee filled out Mobiloans' electronic application for credit for $1,500.00.

22. Mobiloans distributed the amount directly to her account.

23. The loan agreement specified that the interest would be charged an annual percentage rate greater than 25%, ranging between 206.14% - 442.31%. (Mobiloans Statement with Terms and Conditions, Exhibit 1).

24. Mobiloans' statement indicated a **line of credit of $1,500 would require fees of $4,010.00 and an interest rate of 272.58%** (Mobiloans Statement with Terms and Conditions, Exhibit 1).

25. When Ms. McGee failed to make a payment, Mobiloans locked her out of the account.

26. Mobiloans then continued to call her repeatedly.

## APPLICABLE LAW

### Mobiloans executed usurious loans and without a license to do so

27. R.C. § 1317.061 sets the maximum interest rate under a Retail Installment Sale Agreement at twenty-five (25%) percent per annum. Contracts with an APR over 25% are usurious and in violation of R.C. §1317.061.

28. Pursuant to R.C. 1321.02, loans of $5,000 or less that are made without a license are void; the lender has no right to collect, receive, or retain any principal, interest for charges on such loans.

29. Mobiloans was unjustly enriched by any amounts it received from Ohio residents on these unlawful loans.

## CLASS ALLEGATIONS

30. Pursuant to Civ. R. 23 of the Ohio Rules of Civil Procedure, Ms. McGee brings this action on behalf of herself and a class of other persons similarly situated, to remedy the on-going unlawful business practices alleged herein, and to seek redress on behalf of all those persons who have been harmed thereby as follows: **all individuals of Ohio who executed loans originated by Mobiloans from April 30, 2013 to the present.**

31. The members of class are so numerous that joinder of all members would be impracticable. The exact size of the proposed classes and the identity of the members, believed to be in the hundreds or thousands, thereof, are readily ascertainable from Mobiloans' business records.

32. There is a community of interest among the members of the proposed classes in that there are questions of law and fact common to the proposed classes that predominate over questions affecting only individual members. These questions include but are not limited to, *inter alia*: Whether the individual is a resident of Ohio; whether the individual applied for and received a loan originated by Mobiloans, and during the relevant time period.

33. Ms. McGee's claims are typical of those of the class she seeks to represent, and she will fairly and adequately represent the interests of the classes. Ms. McGee is represented by counsel competent and experienced in both consumer protection and class action litigation.

34. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and

economically infeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against Mobiloans.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
Violation of R.C. § 1317.061
Usury
Mobiloans

35. Ms. McGee realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

36. Mobiloans' terms and conditions state clearly the Annual Percentage Rates on its loans range from 206.14% - 442.31%. (Mobiloans Terms and Conditions, Exhibit 1).

37. The APR rates on Mobiloans' loans exceed the permissible rate for an installment contract permissible in Ohio.

38. Mobiloans violated R.C. § 1317.061 for Ms. McGee's loan and the loan of all class members.

39. Mobiloans is the proximate cause of Plaintiffs' damages.

### SECOND CLAIM FOR RELIEF

Violation of R.C. § 1321.02
Unlicensed lender/Void loan
Mobiloans

40. Ms. McGee realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

41. Pursuant to R.C. 1321.02, loans of $5,000 or less that are made without a license are void; the lender has no right to collect, receive, or retain any principal, interest for charges on such loans.

42. Mobiloans made loans to Ohio residents in amounts less than $5,000.00 without a license to do so in Ohio.

43. Mobiloans violated R.C. § 1321.02 and made void loans to Ohio residents.

44. Mobiloans is the proximate cause of the damages to Plaintiff and the Class.

## THIRD CLAIM FOR RELIEF

Unjust Enrichment
Mobiloans

45. Ms. McGee realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as though expressly restated herein.

46. Mobiloans was unjustly enriched by receiving payments on loans that were unlawful.

47. Mobiloans is the proximate cause of damages to Ms. McGee and members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Ms. McGee on behalf of herself and each of the class of similarly-situated consumer, respectfully prays for judgment against Mobiloans, as follows:

A) an order certifying this case as a class action, and certifying the proposed class as defined herein;

B) an order appointing Frederick & Berler LLC as class counsel;

C) a judgment for the actual damages suffered by Ms. McGee and the class;

D) issuance of a declaratory judgment declaring that the acts and practices complained of herein are unlawful as described;

E) an order preliminarily and permanently enjoining Mobiloans from engaging in the practices challenged herein, and from seeking to collect any monies from Ms. McGee or any member of the class on the unlawful accounts;

Respectfully submitted,

*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Michael L. Fine (#0077131)
Frederick & Berler LLC
767 E. 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 566-9400 (fax)
ronf@clevelandconsumerlaw.com
mike@clevelandconsumerlaw.com
michaelf@clevelandconsumerlaw.com
*Counsel for Greta J. McGee*

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

Respectfully submitted,

*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Frederick & Berler LLC
*Counsel for Greta J. McGee*